## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ASPEN GARCIA,                                      )
                                                           )

     Plaintiff,                                    )

                                                          )

     v.                                                )   Case No.   1:23-cv-00016

                                                          )

ADVANCED PORTFOLIO GROUP LLC,          )

                                                          )

     Defendant.                                     )

### PLAINTIFF'S COMPLAINT

Plaintiff, ASPEN GARCIA ("Plaintiff"), through her attorney, Mark D. Trujillo, alleges the following against Defendant, ADVANCED PORTFOLIO GROUP LLC ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. §1692k.

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

### PARTIES

5. Plaintiff is a natural person residing in the City of Albuquerque, Bernalillo County, New Mexico.

6. Plaintiff is a consumer as that term is defined by the FDCPA.

7. Plaintiff allegedly owes a debt as that term is defined by the FDCPA.

8. Defendant is a debt collector as that term is defined by the FDCPA.

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a collection agency with a principal place of business in the City of Espanola, Rio Arriba County, New Mexico.

11. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

12. When an unpaid, outstanding account is placed with Defendant it is assigned an account number.

13. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

14. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

15. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

17. Defendant is attempting to collect a consumer debt from Plaintiff, originating with Check 'n Go.

18. The alleged debt at issue arises from transactions for personal, family, and household

purposes.

19. Within the past year of Plaintiff filing this Complaint, Defendant began placing collection calls to Plaintiff on Plaintiff's cellular telephone number at 505-267-0158, in an attempt to collect the alleged debt.

20. Defendant calls Plaintiff from various telephone numbers.

21. On or around March 2022, Plaintiff answered Defendant's collection call and spoke with one of Defendant's collectors.

22. During the conversation, Plaintiff requested for Defendant to stop calling her.

23. Despite Plaintiff's request for Defendant to stop calling her, Defendant continued to place collection calls to Plaintiff's telephone unabated.

24. In or around June 2022, and after Defendant communicated with Plaintiff, Defendant placed a call to Plaintiff's ex-stepdaughter, Kayla.

25. In or around June 2022, Plaintiff answered Defendant's telephone call and spoke with one of Defendant's female collectors.

26. During the above-mentioned conversation, Defendant's female collector threatened to take legal action against Plaintiff if she did not pay the alleged debt.

27. Relying on Defendant's empty threats, Plaintiff paid the alleged debt, approximately $1,243.81, to Defendant.

28. Defendant engaged in the foregoing conduct with intent to harass, oppress, or abuse any person in connection with the collection of a debt.

### DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

29. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692b of the FDCPA by communicating with any person

other than the consumer for the purpose of acquiring location information about the consumer, when Defendant called Plaintiff's ex husband after Defendant located Plaintiff;

b.  Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant continued to call Plaintiff on Plaintiff's telephone after Plaintiff requested for Defendant to stop calling her and when Defendant threatened legal action in an attempt to coerce Plaintiff into making a payment to Defendant;

c.  Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff, when Defendant continued to call Plaintiff on Plaintiff's telephone after Plaintiff requested for Defendant to stop calling her;

d.  Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant engaged in, at least, the following discrete violations of § 1692e;

e.  Defendant violated § 1692e(5) of the FDCPA by threatening to take action that cannot legally be taken or that is not intended to be taken, when Defendant threatened to take legal action against Plaintiff and Defendant did not intend to take such action;

f.  Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt, when Defendant called Plaintiff's ex-husband after Defendant located Plaintiff and after Plaintiff

requested for Defendant to stop calling her and when Defendant threatened to take

legal action against Plaintiff when Defendant did not intend to take such action;

and

g.  Defendant violated § 1692f(1) of the FDCPA by its use of unfair or unconscionable

means to collect or attempt to collect any debt, when Defendant engaged in all of

the foregoing misconduct.

30. Defendant's acts as described above were done intentionally with the purpose of harassing

Plaintiff.

31. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff

for actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, ASPEN GARCIA, respectfully requests judgment be entered

against Defendant, ADVANCED PORTFOLIO GROUP LLC, for the following:

32. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15

U.S.C. § 1692k;

33. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act,

15 U.S.C. § 1692k; and

34. Any other relief that this Honorable Court deems appropriate.


RESPECTFULLY SUBMITTED,

DATED:  January 6, 2023

By:  /s/Mark D. Trujillo_____
        Mark D. Trujillo
        201 Twelfth St. NW
        Albuquerque, NM 87102
        (505) 254-2854
        mtrujillo@brucemcdonaldlaw.com